UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT PAUL BOHN,

    Plaintiff,

v.                                        Case No.

ALLIED WORLD ASSURANCE COMPANY
(U.S.), INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, ROBERT PAUL BOHN ("Robert Bohn") sues Defendant, ALLIED WORLD ASSURANCE COMPANY (U.S.), Inc., and alleges:

1. This is an action for damages in excess of $75,000.00 over which this Court has jurisdiction under 28 U.S.C. § 1332.

2. Robert Bohn is a resident of the State of Florida.

3. Defendant is a foreign corporation organized under the laws of Delaware.

4. A substantial part of the events or omissions giving rise to this action occurred within this judicial district in accordance with 28 U.S.C. § 1391(a)(2) and Local Rule 1.02(4).

5. At all times material hereto, Robert Bohn was an employee of Bynum Transport, Inc. ("Bynum").

6. At all times material hereto, Plaintiff was the permissive user of a 2007 Freightliner truck and tank trailer owned by Bynum.

7. On August 21, 2007 ("date of loss"), Robert Bohn, a permissive user in the course and scope of his employment with Bynum, was operating the 2007 Freightliner truck and tank

1

trailer in Hardee County, Florida and a collision occurred with a vehicle operated by Kendra Lymon, who was catastrophically injured as a result of the collision.

8.  On the date of loss, Robert Bohn was insured against liability claims arising out of the operation and use of the 2007 Freightliner and tanker trailer under a policy of truckers' liability insurance issued by Lincoln General Insurance Company (hereinafter referred to as "Lincoln General") in the amount of a combined single limit of $1,000,000.00. The declaration pages of that policy are attached hereto as **Composite Exhibit A**.

9.  On the date of loss, Robert Bohn was also insured against liability claims under an excess liability policy bearing policy number C007821-002 issued by Defendant in the amount of a combined single limit truckers' liability of $1,000,000.00. The declaration pages of that policy are attached hereto as **Composite Exhibit B**. The policy issued by Defendant expressly adopts the policy terms and conditions of the Lincoln General policy.

10. Both policies were in full force and effect on the date of loss.

11. As a result of the collision described above, a claim was presented against Robert Bohn and Bynum by Vanessa Lymon, as Plenary Guardian of Kendra Lymon.

12. Although Robert Bohn denied fault for causing the collision, given the nature of the collision and the grievous loss suffered by Kendra Lymon, there was a sufficient risk of an adverse outcome from the claims so that a reasonable person faced with the prospect of paying the entire claim would have settled the claim within the limits of available coverage if it had been possible to do so.

13. The loss was properly reported to Lincoln General and Robert Bohn fully cooperated with every respect in the investigation and defense of the claim.

14. The claim was properly reported to Defendant, and/or any delay of notice caused no prejudice to Defendant.

15. Robert Bohn fully cooperated in every respect of Defendant's investigation of the claim.

16. The claim made against Robert Bohn could have and should have been settled within the limits of the available excess liability coverage had Defendant acted fairly and honestly and with due regard for the interests of its insured.

17. Nonetheless, the claim was not settled within the policy limits, and as a result a lawsuit was filed against Robert Bohn and Bynum in the Tenth Judicial Circuit in and for Polk County, Florida, Case Number 53-2007-CA-7728, which resulted in a jury verdict and Final Judgment (the "Final Judgment") entered in the amount of $65,000,000.00 on March 20, 2009 against Bynum and Mr. Bohn, plus interest. A copy of the Final Judgment is attached hereto as **Exhibit C**.

18. All claims, defenses or issued raised in the lawsuit described above are finally resolved and are res judicata between the parties and their privies.

19. The Final Judgment was partially satisfied against Robert Bohn in the amounts of $5,000,000 and $12,800,000, leaving $47,200,000 plus interest unsatisfied. Copies of the Partial Satisfactions of Judgment are attached hereto as **Composite Exhibit D**.

20. Under the terms of the policy Defendant issued, which insured Robert Bohn, and because of the relationship between Defendant and Robert Bohn, Defendant owed, by operation of law, a fiduciary duty of good faith to Robert Bohn, a duty to handle every aspect of the adjustment, investigation, evaluation, negotiation, defense of the underlying claim, and settlement of the underlying claim fairly and honestly, and with due regard for his interests.

21. This fiduciary duty of good faith:

    a. Required Defendant to act fairly and honestly and with due regard for the interests of Robert Bohn with respect to the claims presented against him;

    b. Required Defendant to affirmatively initiate and follow through with settlement negotiations as soon as it knew or should have known that Robert Bohn was exposed to damages in excess of the policy limits;

    c. Required Defendant to conduct all settlement negotiations in good faith towards the interests of Robert Bohn wherever those interests might diverge from the interests of Defendant;

    d. Required Defendant to settle the underlying claims made against Robert Bohn for any amount up to the policy limits if it could do so, when, under all the circumstances of the case, it could and should have done so had it acted fairly and honestly, and with due regard for his interests;

    e. Required Defendant to exercise reasonable diligence and reasonable care commensurate with the undertaking, in every aspect of handling the underlying claims against Robert Bohn;

    f. Required Defendant to adopt and implement standards for the proper investigation and handling of claims commensurate with the needs of the types of claims reasonably anticipated that would be presented against its insured;

    g. Required Defendant to properly train adjusters and claims personnel for the types of claims which would be undertaken by those employees;

4

      h.     Required Defendant to communicate with Robert Bohn candidly and with complete integrity; and

      i.     Required Defendant to fully, honestly, and promptly advise Robert Bohn concerning any settlement opportunities, of the likelihood of a recovery in excess of the policy limits, of the steps he might take to avoid the same, and of any procedures which were available to lessen the financial impact of the underlying claims upon him.

22.    Defendant breached its fiduciary duties of good faith in the handling of this claim by:

      a.     Failing to handle the underlying claim made against Robert Bohn fairly and honestly, and with due regard for his interests;

      b.     Failing to affirmatively initiate settlement negotiations even after evidence was available to indicate Robert Bohn was exposed to liability for damages in excess of the policy limits;

      c.     Failing to conduct settlement negotiations relating to the underlying claims against Robert Bohn in good faith;

      d.     Failing to settle the underlying claim against Robert Bohn by payment of an amount up to its policy limits when it could have and should have done so, had it acted fairly and honestly, and with due regard for his interests;

      e.     Failing to exercise reasonable diligence and reasonable care commensurate with the undertaking, in every aspect of handling the underling claims against Robert Bohn;

    f.      Negligently and carelessly adjusting and investigating the underlying claims against Robert Bohn;

    g.      Failing to adopt, implement and follow standards for the proper investigation and handling of the claims presented against Robert Bohn;

    h.      Failing to properly train adjustors and claims personnel to handle the types of claims which would be undertaken by its employees;

    i.      Failing to communicate with Robert Bohn with complete candor and honesty; and

    j.      Failing to timely advise Robert Bohn of the likelihood of an excess verdict against him, and of the steps he could take to avoid same, or to lessen its financial impact upon him.

23. As a direct and proximate result of this bad faith on the part of Defendant, the claim against Robert Bohn was not settled, and he suffered the entry of the Final Judgment.

24. As a direct and proximate result of this bad faith on the part of Defendant, Robert Bohn has suffered consequential damages in addition to the entry of the Final Judgment including but not limited to: a deterioration of his physical health, financial loss, emotional distress, and a deterioration of his marital relationship.

25. Subsequent to the entry of the Final Judgment, Defendant offered to pay that portion of the Final Judgment entered against Bynum and Mr. Bohn representing the available excess liability limits of $1,000,000 in exchange for a complete release of Defendant.

26. Upon information and belief, Defendant has only recently paid its insurance policy limits in return for a Partial Satisfaction of Judgment in favor of Robert Bohn

6

27. Plaintiff had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorney's fees to bring this action and obtain the payment of the excess damages caused by Defendant. By operation of law, including Florida Statute §627.428, Defendant will be obligated to pay those fees upon the successful conclusion of this claim.

28. All conditions precedent to Robert Bohn's rights to bring this action have occurred or have been excused.

29. WHEREFORE, Plaintiff, ROBERT PAUL BOHN, demands judgment against Defendant, ALLIED WORLD ASSURANCE COMPANY, (U.S.), INC., in excess of $75,000.00, including all of the unpaid and unsatisfied amount under the Final Judgment, consequential damages and interest, plus costs of this action and attorney's fees, and demand a trial by jury on all issues so triable.

_____
GARY S. WEISMAN, ESQUIRE
Florida Bar Number 175390
OLDER, LUNDY & WEISMAN
ATTORNEYS AT LAW
3014 West Palmira Avenue, Suite 301
Tampa, FL 33629
Telephone: (813) 254-8998
Facsimile: (813) 839-4411
E-Mail: gweisman@olderlundylaw.com
Attorney for Plaintiff